# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

Case No.: 1:13-cr-20779-UU

UNITED STATES OF AMERICA,

v.

JUDIMITH B. HERNANDEZ &
JULIO ALBERTO RODRIGUEZ,

    Defendants.
_____/

## ORDER

THIS CAUSE comes before the Court on the request of non-party AmerisourceBergen Drug Corporation ("ABDC") to be designated a "victim" under the Mandatory Victim Recovery Act, 18 U.S.C. § 3663A *et seq.* ("the MVRA"), through its Motion for Designation of Victim Status and Entitlement to Restitution (the "Motion"). D.E. 130.

THE COURT has reviewed the Motion and pertinent parts of the record and is otherwise fully advised in the premises.

This matter was referred to Chief Magistrate Judge O'Sullivan, who, on January 9, 2020, issued a Report (the "Report") recommending that the Motion be DENIED because: (1) Section 3664(d)(5) of the MVRA does not apply to ABDC since the restitution ordered identified a victim and restitution amount, and ABDC's losses were ascertainable prior to sentencing; and (2) even if the MVRA did apply to ABDC, ABDC is not entitled to relief because it does not meet the MVRA's definition of "victim," and is instead a source or provider of compensation to a victim under Section 3664(j). D.E. 186.

ABDC filed objections to the Report, arguing that (1) the Court has authority to amend the judgment to provide restitution pursuant to 18 U.S.C. § 3664(o) and 18 U.S.C. § 3664(d)(5); and

(2) ABDC is itself a victim of the Defendants' crimes, and not a source of victim funds. D.E. 187 at 6–12.

As to ABDC's first objection, Section 3664(o) limits a court's authority to modify a mandatory order of restitution:

> A sentence that imposes an order of restitution is a final judgment notwithstanding the fact that—
>
> (1) such a sentence can subsequently be—
>
>     (A) corrected under Rule 35 of the Federal Rules of Criminal Procedure and Section 3742 of chapter 235 of this title;
>     (B) appealed and modified under section 3742;
>     (C) **amended under subsection (d)(5)**; or
>     (D) adjusted under section 3664(k), 3572, or 3613A; or
>
> (2) the defendant may be resentenced under section 3565 or 3614.

18 U.S.C. § 3664(o) (emphasis added). Section 3664(d)(5) in turn provides:

> If the victim's losses are not ascertainable by the date that is 10 days prior to sentencing, the attorney for the Government or the probation officer shall so inform the court, and the court shall set a date for the final determination of the victim's losses, not to exceed 90 days after sentencing. If the victim subsequently discovers further losses, the victim shall have 60 days after discovery of those losses in which to petition the court for an amended restitution order. Such order may be granted only upon a showing of good cause for the failure to include such losses in the initial claim for restitutionary relief.

18 U.S.C. § 3664(d)(5).

The Court agrees with Magistrate Judge O'Sullivan's determination that Section 3664(d)(5) is not applicable to the instant case. D.E. 186 at 11. As the Report states, the restitution order identified a specific victim and specified a restitution amount. The losses ABDC claims establish it as a victim were ascertainable by the date that is 10 days prior to sentencing. The Court was aware of the amount ABDC paid to CVS/Caremark and reduced the restitution amount to

reflect that amount. D.E. 162 at 2.[1]

In support of its first objection, ABDC argues that "contrary to the Magistrate Judge's determination in the R&R that Section 3664(d)(5) 'does not apply to the instant case' (R&R at 11), numerous courts have recognized that adding additional victims to the roster of victims entitled to restitution falls squarely within the authority conferred by that subsection." D.E. 187 at 7. Each case that ABDC cites in support of this assertion involves motions the Government submitted or losses that were not ascertainable prior to sentencing. *United States v. Dupre*, 296 F. App'x 113, 114 (2d Cir. 2008) (affirming restitution where the Government submitted additional victim affirmations and evidence); *United States v. Pizzolato*, No. 09-378, 2013 WL 950533, at *1 (E.D. La. Mar. 11, 2013) (granting the Government's unopposed motion to add victims to the restitution schedule after the 90-day period who were omitted because of a documentation error); *United States v. Patel*, No. 06-60006, 2009 WL 3232792, at *2–3 (W.D. La. Sept. 30, 2009) (granting the Government's motion to amend a restitution order under Section 3664(d)(5) to add two additional victims who had not received timely notice of their right to apply for restitution); *United States v. Snyder*, No. CCB-07-0155, 2008 WL 5236027, at *1–2 (D. Md. Dec. 12, 2008) (the Court amended the judgment to reflect amounts discovered at a deferred evidentiary hearing due to unascertainable victim losses); *United States v. Eisenberg*, No. 06 Cr. 781, 2008 WL 2605125, at *5 (S.D.N.Y. June 30, 2008) (denying defendant's request for a hearing on the court's amended restitution order and noting that eleven victims who had not known of the criminal proceedings until after sentencing could be compensated by way of amendment to a restitution order under Section 3664(d)(5), in part because the presentence investigation report noted how the Government

---

[1] Further, Section 3664(d)(5) provides that "If the victim's losses are not ascertainable. . . **the Government or the probation officer shall so inform the court.**" 18 U.S.C. § 3664(d)(5) (emphasis added). Here, ABDC, not the Government or probation, is requesting victim designation.

was updated its list of dozens of victims weekly). In the present case, not only is ABDC a non-party, but the Government opposes the Motion. D.E. 135. The objection is overruled.

Because Section 3664(d)(5) does not apply, ABDC's second objection is moot. However, the Court finds the Report correctly identifies ABDC as a source of victim funds, rather than a victim itself. The MVRA states, "If a victim has received compensation from insurance or any other source with respect to a loss . . . the restitution order shall provide that all restitution of victims required by the order be paid to the victims before any restitution is paid to such a provider of compensation." 18 U.S.C. § 3664(j). As ABDC itself states in the Motion, "As a direct and proximate result of Defendant's criminal fraudulent conduct, ABDC suffered a direct indemnification loss of at least $711,432.06." D.E. 130 ¶ 14. ABDC's loss is the result of a contractual indemnification obligation between itself and CVS/Caremark. Report at 15. As the Report concludes, this establishes ABDC as a source or provider of compensation under 18 U.S.C. § 3664(j) and not a victim itself. *Id.* at 15–17.

Upon *de novo* review, the Court agrees with Magistrate Judge O'Sullivan's recommendations and concurs in all his findings. Accordingly, it is hereby

ORDERED AND ADJUDGED that the Report, D.E. 186, is ADOPTED, RATIFIED, AND AFFIRMED in all respects. It is further

ORDERED AND ADJUDGED that ABDC's objections, D.E. 187, are OVERRULED. If is further

ORDERED AND ADJUDGED that the Motion, D.E. 130, is DENIED.

DONE AND ORDERED in Chambers at Miami, Florida, this 17th__ day of March, 2020.

_____
UNITED STATES DISTRICT JUDGE

cc: counsel of record via cm/ecf